DAVID A. GABIANELLI, State Bar No. 158170
*david.gabianelli@clydeco.us*
KEVIN O. MOON, State Bar No. 246792
*kevin.moon@clydeco.us*
CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile:  (415) 365-9801

Attorneys for Defendant
NAVIGATORS SPECIALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUBLEVISION ENTERTAINMENT, LLC, a Tennessee limited liability company, as assignee of Commercial Escrow Services, Inc., a California corporation, and Antoinette Hardstone, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY; a New York corporation; THE NAVIGATORS GROUP, INC., a New York corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 3:14-cv-02848-WHA<br><br>**DECLARATION OF DAVID A. GABIANELLI IN SUPPORT OF NAVIGATORS SPECIALTY INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:    January 15, 2015<br>Time:   8:00 a.m.<br>Place:   Courtroom of the Honorable<br>            William H. Alsup |

1451078v1

I, David A. Gabianelli, declare and state as follows:

1.    I am a partner with Clyde & Co US LLP, and I represent Defendant NAVIGATORS SPECIALTY INSURANCE COMPANY ("NSIC") in the above-captioned matter.  This declaration is submitted in support of NSIC's Motion for a Protective Order.  I have personal knowledge of the facts stated herein, and can competently testify to these facts if called as a witness in these proceedings.

2.    The parties submitted a joint letter to the Court on November 21, 2014, outlining the discovery dispute that is the subject of this motion ("Joint Letter") Dkt Item No. 31.  A true and correct copy of the Joint Letter is attached hereto as Exhibit A.  As set forth in the Joint Letter, the parties have met and conferred regarding the confidentiality of mediation conduct and related communications and agreed to submit this matter to the Court for resolution.

3.    Following the Joint Letter, this Court issued a scheduling order on November 24, 2014 setting forth a briefing and hearing schedule for this motion.  Dkt Item No. 32.  For ease of reference, a true and correct copy of Court's November 24, 2014 scheduling order is attached hereto as Exhibit B.

4.    The written discovery requests, set forth in Exhibit C to this declaration, were propounded by Plaintiff in this matter and are at issue as a part of this motion.

5.    In addition, Plaintiff has noticed the depositions of Glen Olson, who served defense counsel for Commerical Escrow Services and Antionette Hardstone (NSIC's insureds), as well as the deposition of Sam Marcus, a representative of NSIC.  The scope of these depositions and any other depositions in this action are also at issue as a part of this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 4, 2014 in San Francisco, California.

_____
DAVID A. GABIANELLI

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

**CERTIFICATE OF SERVICE**
*Doublevision v. Navigators, et al.*
**USDC – Northern District of California Case No. 3:14-cv-02848**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 101 Second Street, 24th Floor, San Francisco, CA 94105.

On December 4, 2014, I served true copies of the following document(s) described as **DECLARATION OF DAVID A. GABIANELLI IN SUPPORT OF NAVIGATORS SPECIALTY INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| Ryan M. Lapine, Esq. | Attorneys for Plaintiff |
| Luke D. Lieberman, Esq. | DOUBLEVISION ENTERTAINMENT, LLC |
| ROSENFELD, MEYER & SUSMAN LLP | Tel:  310.858.7700 |
| 232 North Canon Drive | Fax:  310.860.2430 |
| Beverly Hills, CA 90210-5302 | |
| | |
| Randy M. Hess, Esq. | Attorneys for Plaintiff |
| Pamela A. Bower, Esq. | DOUBLEVISION ENTERTAINMENT, LLC |
| ADLESON, HESS & KELLY PC | Tel:  408.341.0234 |
| 577 Salmar Avenue, Second Floor | Fax:  408.341.0250 |
| Campbell, CA 95008 | |

☐     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at San Francisco, California.

☐     **BY HAND DELIVERY:**  I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☒     **BY CM/ECF:** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 4, 2014, at San Francisco, California.

_____
Patrick Postolka

# Exhibit A



**ROSENFELD
MEYER &
SUSAN**

**Rosenfeld, Meyer & Susman LLP**

232 North Canon Drive
Beverly Hills, California 90210-5302

RMS Client File:
14992-002000

**RYAN M. LAPINE**
Direct Dial: (310) 246-3209
Direct Fax: (310) 860-2409
E-mail: rlapine@rmslaw.com

November 21, 2014

**VIA CM/ECF**

The Honorable William H. Alsup
San Francisco Courthouse
Courtroom 8 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Doublevision Entertainment, LLC v. Navigators Specialty Insurance Company, et al.*
U.S.D.C. Case No. 14-CV-02848

Dear Judge Alsup:

I am counsel for plaintiff Doublevision Entertainment, LLC ("Doublevision") in the above-referenced matter. I write to the Court pursuant to Paragraph 25 of the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup. I am joined on this letter by David Gabianelli, counsel for defendant Navigators Specialty Insurance Company ("NSIC"). We find ourselves at a discovery impasse and request an expedited briefing schedule so that the Court may rule on a discrete legal issue that will enable us to complete discovery on schedule and engage in a productive mediation.

This action resulted from a constellation of matters involving Commercial Escrow Services, Inc. ("CES") and Antoinette Hardstone. In one such matter, Doublevision brought affirmative claims against CES and Ms. Hardstone in Contra Costa County Superior Court Case No. C10 - 03068 (the "Underlying Doublevision Action ").

In this action, Doublevision has brought claims that it contends it has standing to bring as assignee of Commercial Escrow Services, Inc. ("CES") and Ms. Hardstone. It alleges that CES and Ms. Hardstone held a certain $1,000,000 errors and omissions insurance policy issued by NSIC. It alleges that NSIC breached the covenant of good faith and fair dealing implied into its insurance contract with CES and Ms. Hardstone and breached its contract with them by, *inter alia*, refusing to accept reasonable offers to settle within the limits of the insurance policy held by CES and Ms. Hardstone when their liability was reasonably clear and in excess of the Policy's limits. NSIC alleges that it acted in good faith towards CES and Ms. Hardstone. NSIC denies any liability in this matter and has asserted certain affirmative defenses.

The Honorable William H. Alsup
November 21, 2014
Page 2

The Underlying Doublevision Action went to mediation before the Honorable Alfred Chiantelli (Ret.) on December 5, 2011. William Kunkel attended the mediation on behalf of Doublevision. Ms. Hardstone attended the mediation on behalf of CES and herself. Ryan Lapine of Rosenfeld, Meyer & Susman LLP attended the mediation on behalf of his client Doublevision. Glen Olson and Ari Baruth of Long & Levit LLP attended the mediation on behalf of their clients Hardstone and CES. Eric Moon of Clyde & Co. attended the mediation on behalf of NSIC.

Doublevision would like to take discovery into and ultimately introduce evidence related to the December 5, 2011 mediation in support of its claim that NSIC refused to accept reasonable offers to settle within the limits of the insurance policy held by CES and Hardstone when their liability was reasonably clear and in excess of the policy's limits. NSIC contends that all communications, negotiations and settlement discussions made at and in the course of the mediation are confidential and not subject to discovery or admissible in evidence pursuant to, *inter alia*, California Evidence Code sections 1119 and 1122 and California common law.

Doublevision, CES and Hardstone have entered into a written Waiver Agreement signed by Kunkel, Hardstone, Olson, Baruth and Lapine. (Exhibit B.) Judge Chiantelli has taken the position that "[a]s a neutral mediator, Judge Chiantelli cannot become involved in adversarial disputes. Judge Chiantelli's signature on the Waiver Agreement may be perceived as advancing the interests of only certain parties. However, if Hon. William Alsup determines Judge Chiantelli has a legal obligation, Judge Chiantelli will abide by an Order issued by the Court in the Federal Litigation action." (Exhibit C.) NSIC is not a signatory on the waiver agreement and has not waived any rights with respect to the mediation. Doublevision takes the position that this signed agreement constitutes a valid waiver under California Evidence Code section 1122 that would allow for discovery into and the introduction of evidence related to the December 5, 2011 mediation in the Contra Costa Matter. NSIC disagrees and takes the position that any information related to mediation is not discoverable or admissible.

The parties have met and conferred on the matter and request a Court determination to enable them to move forward with discovery. They do not believe that any further meet and confer efforts would prove fruitful as the matter is purely a legal question which requires clarity from the Court.

The parties have scheduled a January 22, 2014 mediation before the Honorable David A. Garcia (Ret.). To engage in a productive mediation, six (6) depositions have been scheduled to take place prior to the mediation. To keep the matter on schedule and to allow discovery to go forward, the parties wish to resolve their present dispute prior to the first of these depositions, which currently is set to take place on December 11, 2014.

The Honorable William H. Alsup
November 21, 2014
Page 3

Jointly, the parties respectfully request permission to present this issue to the Court on an expedited basis, under the following proposed parameters. The parties will each file an "opening brief" no longer than twelve (12) pages on or before December 1, 2014 setting forth their respective positions. The parties may each file a "response brief" of no more than eight (8) pages on our before December 4, 2014. To the extent the Court requires one, the parties respectfully request that any hearing on this dispute take place on or before December 9, 2014.

The parties thank the Court in advance for considering this issue and the briefing and hearing schedule they propose herein.

/s/ Ryan M. Lapine                          /s/ David Gabianelli

RYAN M. LAPINE                          DAVID GABIANELLI
Counsel for Plaintiff                          Counsel for Defendant
Doublevision Entertainment, LLC            Navigators Specialty Insurance Company

RML:cmf
Enclosures

# EXHIBIT A

1  ROSENFELD, MEYER & SUSMAN LLP
   RYAN M. LAPINE (State Bar No. 239316)
2  LUKE D. LIEBERMAN (State Bar No. 284572)
   232 North Canon Drive
3  Beverly Hills, California 90210-5302
   Telephone:  (310) 858-7700
4  Facsimile:   (310) 860-2430

5  Attorneys for Plaintiff
   Doublevision Entertainment, LLC

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF CONTRA COSTA

10

11  DOUBLEVISION ENTERTAINMENT,          )  Case No. C10-03068
    LLC,                                 )
12                                       )  [Proposed] JUDGMENT ON JURY
               Plaintiff,                )  VERDICTS
13                                       )
          vs.                            )  Assigned for all purposes to:
14                                       )  Honorable Judith Craddick
    COMMERCIAL ESCROW SERVICES,          )  [Dept. 9]
15  INC., a California Corporation;      )
    ANTOINETTE HARDSTONE, an             )
16  individual; and DOES 1 THROUGH 30,   )  Complaint Filed:     October 21, 2010
    inclusive,                           )  Trial Date:          June 3, 2013
17                                       )
               Defendants.               )
18                                       )

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP
494007.01

                              1
              [PROPOSED] JUDGMENT ON JURY VERDICTS 1-6

1   This action came on regularly for trial on June 3, 2013, in Department 9 of the

2   Superior Court, the Honorable Judith Craddick, presiding; the plaintiff appearing by

3   attorneys Ryan M. Lapine and Luke D. Lieberman of the law firm Rosenfeld, Meyer &

4   Susman, LLP, and the defendants appearing by attorneys Andrew Dimitriou and Robert

5   Smith of the law firm Dimitriou & Associates, P.C.

6   A jury of twelve persons was regularly impaneled and sworn. Witnesses were

7   sworn and testified; and after being duly instructed by the Court, the jury deliberated

8   thereon and on June 21, 2013 duly returned the following special verdicts:

9   *See copy of Special Verdict #1 attached hereto as Exhibit A.*

10  *See copy of Special Verdict #2 attached hereto as Exhibit B.*

11  *See copy of Special Verdict #3 attached hereto as Exhibit C.*

12  *See copy of Special Verdict #4 attached hereto as Exhibit D.*

13  *See copy of Special Verdict #5 attached hereto as Exhibit E.*

14  *See copy of Special Verdict #6 attached hereto as Exhibit F.*

15  It appearing that by reason of those special verdicts,

16  **IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff

17  DOUBLEVISION ENTERTAINMENT, LLC shall recover from defendants

18  ANTOINETTE HARDSTONE and COMMERCIAL ESCROW SERVICES, INC., jointly

19  and severally, the sum of $1,500,000 with prejudgment interest thereon at the rate of seven

20  percent (7%) per annum from the date of the loss, April 28, 2010, until the date of the

21  judgment, totaling $336,000 as of July 10, 2013, and post judgment interest to accrue at

22  the maximum rates allowed by law, the court to retain jurisdiction to determine the amount

23  of costs of suit at a later date.

24

25  Dated: 7-24-13

26                                        **JUDITH S. CRADDICK**
                                          By:_____
27                                        HONORABLE JUDITH CRADDICK
                                          Judge of the Superior Court
28                                        **HELD 10 DAYS PER**
                                          **LOCAL RULE 12**

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN LLP

494007.01                    2
                  [PROPOSED] JUDGMENT ON JURY VERDICTS 1-6

# EXHIBIT B

# WAIVER AGREEMENT

WHEREAS Doublevision Entertainment, LLC ("Doublevision") brought Contra Costa County Superior Court Case No. MSC10 - 03068 (the "Contra Costa Action") against Commercial Escrow Services, Inc. ("CES") and Antoinette Hardstone;

WHEREAS Doublevision, CES and Ms. Hardstone were the only parties to the Contra Costa Action;

WHEREAS Doublevision, CES and Ms. Hardstone attended a private mediation in the Contra Costa Action at ADR Services, Inc. before the Hon. Alfred Chiantelli (Ret.) in San Francisco, California on December 5, 2011 (the "Mediation");

WHEREAS Ryan Lapine, Esq. attended the Mediation as counsel for Doublevision;

WHEREAS William A. Kunkel attended the Mediation on behalf of Doublevision;

WHEREAS Glen Olson, Esq. and Ari Baruth, Esq. attended the Mediation as counsel for CES and Ms. Hardstone;

WHEREAS Ms. Hardstone attended the Mediation on behalf of herself and CES;

WHEREAS Eric Moon, Esq., an attorney at the law firm of Clyde & Co. US, LLP, who was not counsel of record for Doublevision, CES or Ms. Hardstone in the Contra Costa Action also attended the mediation;

WHEREAS neither Navigators Specialty Insurance Company nor The Navigators Group, Inc. were parties to the Contra Costa Action;

WHEREAS Eric Moon, Esq. was not an attorney for Doublevision, CES or Ms. Hardstone and was not a party to the Contra Costa Action;

WHEREAS each of the parties to the Contra Costa Action, Doublevision, CES and Ms. Hardstone, and their counsel in that matter wish to waive any confidentiality under California Evidence Code section 1119 or otherwise that may apply to the Mediation or any documents or papers related thereto for use in *Doublevision Entertainment, LLC v. Navigators Specialty Insurance Company et al.*, U.S.D.C. Case No. 3:14-cv-02848-WHA (the "Federal Litigation");

WHEREAS each of the parties to the Contra Costa Action, Doublevision, CES and Ms. Hardstone, and their counsel in that matter wish to effect a written waiver under California Evidence Code section 1122(a)(1) of any privilege that may apply to any communication, document or writing that took place in or that were in any way related to the Mediation for use in the Federal Litigation; and

WHEREAS each of the parties to the Contra Costa Action, Doublevision, CES and Ms. Hardstone, and their counsel in that matter wish to enter into a written agreement sufficient to allow the admission of any communication, document or writing that took place in or that were in any way related to the Mediation in the Federal Litigation following the holding in *Olam v. Congress Mortg. Co.* (N.D. Cal. 1999) 68 F.Supp.2d 1110, 1129-30 that such a written document is sufficient under California Evidence Code section 1122(a)(1) to remove California Evidence Code section 1119 and any other privileges as barriers to the admission of that evidence.

<u>DOUBLEVISION, CES, MS. HARDSTONE, MR. LAPINE, MR. OLSON, MR. BARUTH AND JUDGE CHIANTELLI (collectively the "Participants") HEREBY AGREE AS FOLLOWS:</u>

(1) Any and all privileges related to the Mediation that provide or purport to provide confidentiality, including but not limited to the privilege afforded by California Evidence Code section 1119, are explicitly waived so that evidence related to the Mediation may be used in the pending Federal Litigation or any other prospective litigation;

(2) Given the explicit waiver in Paragraph (1), *supra*, the Participants consent that any and all writings or documents created for or otherwise related to the Mediation may be disclosed for use in the pending Federal Litigation or any other prospective litigation and presented for admission into evidence therein;

(3) Given the explicit waiver in Paragraph (1), *supra*, the Participants consent that testimony may be given as to what took place at the Mediation and regarding any documents or writings related to the Mediation in the Federal Litigation or any other prospective litigation;

(4) Judge Chiantelli does not consent to give testimony himself, to respond to discovery himself, or to appear at any hearings or trial regarding anything that took place at the Mediation and specifically does not waive any privilege afforded by California Evidence Code section 703.5, to which all signors consent;

(5) It is intended that this agreement constitutes a written waiver of the privilege created by California Evidence Code section 1119 under the terms of California Evidence Code section 1122(a)(1); and

(6) This Agreement may be executed in counterparts or in duplicate. Facsimile or e-mail signatures shall be deemed original signatures for all purposes.

Dated: 10/1/14

By: _____
DOUBLEVISION ENTERTAINMENT, LLC

_____
TITLE

Dated: __10/2/14__          By: _____

COMMERCIAL ESCROW SERVICES,
INC.

PRES. / Sec.
_____
TITLE

Dated: _____          _____
RYAN M. LAPINE

Dated: _____          _____
GLEN R. OLSON

Dated: _____          _____
ARI A. BARUTH

Dated: __10/2/14__          _____
ANTOINETTE HARDSTONE

Dated: _____          _____
HONORABLE ALFRED CHIANTELLI
(RET.)

Dated: _____     By: _____
                                  COMMERCIAL ESCROW SERVICES,
                                  INC.

                                  _____
                                  TITLE

Dated: _____          _____
                                  RYAN M. LAPINE

Dated: 10/3/14                    _____
                                  GLEN R. OLSON

Dated: 10/3/14                    _____
                                  ARI A. BARUTH

Dated: _____          _____
                                  ANTOINETTE HARDSTONE

Dated: _____          _____
                                  HONORABLE ALFRED CHIANTELLI
                                  (RET.)

500520.02                    Page 3 of 3

Dated: _____

By: _____
COMMERCIAL ESCROW SERVICES,
INC.

_____
TITLE

Dated: 2 Oct 14

_____
RYAN M. LAPINE

Dated: _____

_____
GLEN R. OLSON

Dated: _____

_____
ARI A. BARUTH

Dated: _____

_____
ANTOINETTE HARDSTONE

Dated: _____

_____
HONORABLE ALFRED CHIANTELLI
(RET.)

500520.02

Page 3 of 3

# EXHIBIT C



**SERVICES, INC.**

1900 Avenue of the Stars
Suite 250
Los Angeles, CA 90067
(310) 201-0010 Tel.
(310) 201-0016 Fax

www.adrservices.org

November 17, 2014

Ryan M. Lapine, Esq.
ROSENFELD, MEYER & SUSMAN, LLP
232 North Canon Drive
Beverly Hills, CA 90210-5302

*RE:* *DOUBLEVISION ENTERTAINMENT LLC v. COMMERCIAL ESCROW SERVICES, INC.*
*ADRS Case No. 11-6139-AGC*

Dear Mr. Lapine,

This letter is in response to your request dated October 24, 2014, for Judge Chiantelli to sign off on the Mediation Waiver Agreement, for purposes of waiving mediation privilege in connection with the mediation that took place on December 5, 2011 and was mediated by Judge Chiantelli. It is our understanding that Doublevision Entertainment, LLC, Commercial Escrow Services, Inc. (CES) and Ms. Hardstone wish to use documents and other evidence from the mediation in an action filed in U.S. District Court entitled *Doublevision Entertainment, LLC v. Navigators Specialty Insurance Company et al.*

As a neutral mediator, Judge Chiantelli cannot become involved in adversarial disputes. Judge Chiantelli's signature on the Waiver Agreement may be perceived as advancing the interests of only certain parties. However, if Hon. William Alsup determines Judge Chiantelli has a legal obligation, Judge Chiantelli will abide by an Order issued by the Court in the Federal Litigation action.

Sincerely,

Lucie Barron
President

CC: Hon. Alfred G. Chiantelli

# Exhibit B

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUBLEVISION ENTERTAINMENT, LLC,
a Tennessee limited liability company, as
assignee of Commercial Escrow Services,
Inc., a California corporation, and Antoinette
Hardstone, an individual

        Plaintiff,

    v.

NAVIGATORS SPECIALTY INSURANCE
COMPANY and THE NAVIGATORS
GROUPS, New York Corporations,

        Defendants.

_____/

No. C 14-02848 WHA

**SCHEDULING ORDER
RE MOTION FOR
PROTECTIVE ORDER**

      Inasmuch as the discovery dispute involves a question of privilege, all parties opposing

disclosure and/or invoking Sections 1119 and 1122 shall bring a motion for protective order

laying out the specifics. That motion shall be filed by December 4, the opposition shall be filed

by December 18, the reply due by January 2, and the hearing to be set for JANUARY 15, AT

8:00 A.M.

      It is unfortunate that the Court cannot resolve the matter prior to that date but it does

involve a question of privilege and it should be resolved on a full, sworn record. While the letter

requests that the Court expedite resolution so that six depositions can go forward starting on

United States District Court
For the Northern District of California

December 11, this is far too soon given the issues involved.  Counsel should not have waited so long to notify the Court of this problem.

**IT IS SO ORDERED.**

Dated:  November 24, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2

# Exhibit C

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that YOU refused to authorize the use of $200,000 from the policy at issue to effect a settlement offer at the MEDIATION proposed to and accepted by all parties to the UNDERLYING CASE.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS, including COMMUNICATIONS, that supported YOUR belief, expressed in an e-mail dated November 30, 2011 from Samuel Marcus to Glen Olson, that there was a "1/3 likelihood of liability" in the UNDERLYING CASE.

## INTERROGATORIES

### INTERROGATORY NO. 5:

Identify the basis for YOUR belief, expressed in an e-mail dated November 30, 2011 from Samuel Marcus to Glen Olson, that there was a "1/3 likelihood of liability" in the UNDERLYING CASE.

### INTERROGATORY NO. 6:

Identify, in full, why YOU would not authorize a $200,000 settlement at the MEDIATION.