IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUBLEVISION ENTERTAINMENT, LLC, a Tennessee limited liability company, as assignee of Commercial Escrow Services, Inc., a California corporation, and Antoinette Hardstone, an individual<br><br>Plaintiff,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York Corporation<br><br>Defendant. | No. C 14-02848 WHA<br><br>**ORDER RE DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL** |

**INTRODUCTION**

Defendant's motion for a protective order to protect communications and writings subject to California's mediation privilege is pending before the undersigned. In response, plaintiff filed an opposition, declarations, and exhibits that contain information that may become subject to such a protective order (Dkt. Nos. 34–35).

Defendant now moves to seal portions of plaintiff's opposition, declarations, and exhibits. Defendant's administrative motion to seal is **GRANTED**, pending resolution of defendant's motion for a protective order and subject to further order of this court.

## ANALYSIS

Pursuant to Civil Local Rule 79-5, defendant filed an administrative motion to seal certain sections of plaintiff's opposition as well as plaintiff's supporting declarations and exhibits (Dkt. No. 38). Under Civil Local Rule 79-5(a),

> A sealing order may issue only upon a request that establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law, [hereinafter referred to as "sealable."] The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c).

Although Civil Local Rule 79-5 governs the motions to seal in this instance, the usual presumption of the public's right to access does not apply to non-dispositive motions with the same strength it applies to dispositive motions. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). On non-dispositive motions, a party seeking to file a document under seal must establish there is "good cause" for sealing the record. *Id.*; *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Defendant moves to seal sixteen distinct excerpts from plaintiff's opposition and supporting exhibits and declarations. Based on the pendency of defendant's motion for a protective order, this order finds good cause to seal these excerpts of plaintiff's opposition, declarations, and exhibits, subject to further order of this court.

**THE CLERK SHALL** place the entirety of plaintiff's opposition briefing — docket number 35 — under seal, and docket the redacted version — docket number 38-4 — in its place.

**IT IS SO ORDERED.**

Dated: January 20, 2015

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2