IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUBLEVISION ENTERTAINMENT, LLC, a Tennessee limited liability company, as assignee of Commercial Escrow Services, Inc., a California corporation, and Antoinette Hardstone, an individual,

    Plaintiff,

  v.

NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York Corporation,

    Defendant.
                                                /

No. C 14-02848 WHA

**ORDER UNSEALING PLAINTIFF'S OPPOSITION IN PART**

Defendant Navigators Specialty Insurance Company moved for a protective order in this matter. Navigators requested limitations on discovery and admissibility based on California's mediation privilege. In response, plaintiff filed an opposition, declarations, and exhibits that contained materials allegedly protected by this privilege. Navigators moved to seal based on the mediation privilege alone. Out of an abundance of caution, the relevant excerpts of plaintiff's opposition, declarations, and exhibits were sealed pending resolution of the parties' dispute over the mediation privilege and subject to further order. An order issued resolving the parties' discovery dispute and setting forth the parameters of the mediation privilege for the purposes of this matter. As the undersigned has now concluded that the mediation privilege does not protect most of the materials provisionally placed under seal, this order holds that there is not good cause to seal materials other than those explicitly listed herein (Dkt. Nos. 34–43).

Of the previously sealed excerpts, only the following shall remain under seal.

1. **Doublevision's Opposition Brief.**
   - ECF Page 6, lines 2–5, "Emails . . . Ex. 7."; lines 9-10, "At . . . Ex. 8."
   - ECF Pages 8–9, footnote 1, "Eric Moon will . . . the mediation,"; "In fact . . . Ex. 7."

2. **Declaration of Ryan Lapine.**
   - ¶ 7, "after Doublevision . . . later date."
   - ¶ 8, "NSIC did . . . the mediation."
   - ¶ 9, "Our next . . . you as well."

3. **Exhibits.**
   - Exhibit 7, Olson email, "Toni and Sam . . . you do so."
   - Exhibit 8, bates pages 56905–56908, "As to . . . as it saw fit."
   - Exhibit 13, Olson email, "That being said . . . December 5?"

4. **Declaration of William Kunkel.**
   - ¶¶ 3–4 *in toto*

5. **Declaration of Antoinette Hardstone.**
   - ¶ 3, "While Judge . . . Ryan Lapine,"
   - ¶ 4, "At mediation . . . Mr. Olson."
   - ¶ 5, "Instead . . . liability."

**NAVIGATORS SHALL** e-file under seal a new version of docket number 35 — redacting only the excerpts explicitly identified herein — by **MONDAY, FEBRUARY 9, 2015**. Navigators shall lodge redacted and unredacted chambers copies with the clerk. Upon further review, the undersigned will order the clerk to docket the newly redacted version of plaintiff's opposition briefing in place of docket number 41, such that only the excerpts identified herein remain under seal.

**IT IS SO ORDERED.**

Dated: February 2, 2015

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2