IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUBLEVISION ENTERTAINMENT, LLC, a Tennessee limited liability company, as assignee of Commercial Escrow Services, Inc., a California corporation, and Antoinette Hardstone, an individual,

    Plaintiff,

  v.

NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York Corporation,

    Defendant.

/

No. C 14-2848 WHA

**ORDER TO SHOW CAUSE**

      Plaintiff Doublevision Entertainment, LLC, filed this breach-of-insurance contract action in Contra Costa Superior Court as assignee of Commercial Escrow Services, Inc., and Antoinette Hardstone. Defendant Navigators Specialty Insurance Company removed it here (Dkt. No. 1).

      Navigators removed based on diversity jurisdiction. In assessing complete diversity, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 195–96 (1990)).

      Accordingly, Doublevision is a citizen of every state of which its managing members are citizens. In its notice of removal, Navigators identified Doublevision's managing members as Two Horns Entertainment Group, LLC, and Envision Advisory Group, LLC, also registered in

Tennessee. This is insufficient as these members are limited-liability companies as well. Navigators must do more than identify the citizenship of Doublevision's immediate members. Navigators must drill-down and trace the citizenship of any member that is a noncorporate business entity through as many layers of members or partners as there may be. Citizenship must be traced for noncorporate business entities including: limited-liability companies, general and limited partnerships, and associations. If a member of a noncorporate business entity is itself a corporation, the state of incorporation and nerve center shall be identified.

A court shall remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. 1447(c). The parties are hereby ordered to show cause why this case should not be remanded to Contra Costa Superior Court. Navigators and Doublevision shall both show cause because they "consented" to jurisdiction (Dkt. No. 20 at 2). The parties shall identify the citizenship of all of Doublevision's members and sub-members in compliance with this order. Written responses shall not exceed **TWO PAGES**. The parties shall provide affidavits and certificates of registration and incorporation in support. Responses are due no later than **MARCH 25, 2015 AT NOON**.

**IT IS SO ORDERED.**

Dated: March 18, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2