IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUBLEVISION ENTERTAINMENT, LLC, a Tennessee limited liability company, as assignee of Commercial Escrow Services, Inc., a California corporation, and Antoinette Hardstone, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York corporation THE NAVIGATORS GROUP, INC., a New York corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 14-02848 WHA<br><br>**FINAL PRETRIAL ORDER** |

**FOR GOOD CAUSE** and after a final pretrial conference, the following constitutes the final pretrial order and rulings on motions *in limine*:

1. This case shall go to a **JURY TRIAL** on **JULY 13, 2015 AT 7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by order *in limine* and excluding the issue of Navigators' alleged failure to investigate, which was resolved in the order on the parties' motions for summary judgment. This final pretrial order supersedes all the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

2. Rulings on the motions *in limine* shall be summarized later in this order.

3. Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by an order *in limine*. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the parties' joint proposed final pretrial order are approved and binding on all parties.

5. A jury of **EIGHT PERSONS** shall be used.

6. Each side shall have **TWELVE HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Each side shall have **FORTY-FIVE MINUTES** for opening statements, which shall not count against the limit. The time allotted for closing statements shall be determined towards the end of the trial and shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted.

7. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

8. The parties shall prepare a joint timeline of key events to be displayed for the jury throughout the trial. The timeline must be printed on a poster-board and with text large enough for the jury to easily read from across the courtroom.

9. By **JULY 9 AT NOON**, the parties shall file a joint agreed-upon statement (not to exceed one page) summarizing the case for voir dire.

10. By **JULY 9 AT NOON**, the parties shall lodge a chamber's copy of a joint binder with the top ten documents from each side.

11. The supplemental briefs requested herein shall be filed by **JULY 6 AT NOON**. Responses shall be filed by **JULY 8 AT NOON**.

## RULINGS ON MOTIONS *IN LIMINE*

**DEFENDANT'S MOTIONS *IN LIMINE*** 

    **1.    MOTION TO LIMIT THE SCOPE OF COMPENSABLE DAMAGES.**

Navigators' motion is **DENIED** without prejudice to a Rule 50 motion.

    **2.    MOTION TO PRECLUDE EVIDENCE OF *BRANDT* FEES.**

The issue of *Brandt* fees will be resolved by the judge, so evidence related solely to *Brandt* fees is irrelevant for the purpose of this jury trial.

    **3.    MOTION TO PRECLUDE THE TESTIMONY OF ATTORNEY RYAN LAPINE.**

Doublevision should have designated Attorney Ryan Lapine as a witness long before the close of fact discovery. Attorney Lapine may not testify as a witness in Doublevision's case-in-chief. The issue of whether Attorney Lapine may testify as a rebuttal witness will be held in abeyance and determined based on how the trial develops.

    **4.    MOTION TO PRECLUDE OR LIMIT THE TESTIMONY OF DOUBLEVISION'S INSURANCE STANDARD-OF-CARE EXPERT, STEPHEN PRATER.**

As stated at the hearing, all expert witnesses will be limited to the four corners of their expert reports on direct examination. If an expert's report states the expert "expects to testify to" or "may opine on" a topic, the expert's testimony on that topic will be limited to the actual details disclosed within that expert's report. Testimony that reflects an expert's understanding of the facts is admissible, but it must be couched in language explaining the basis of that understanding such as "based on the assumption." This applies to both sides.

As to Stephen Prater's testimony, Prater shall not be permitted to describe subjective, mental conclusions such as "bad faith" or "good faith," although he may describe conduct as "reasonable" or "unreasonable." His description of a settlement offer as a "lowball" offer is permitted. Prater may not offer testimony as to legal conclusions, but some very basic legal propositions may be used. Prater may offer his insurance tutorial as described in Exhibit D of his report, subject to the aforementioned limitations, except for the following, which shall not be admitted: (1) section I.D, (2) any mention of insureds as "vulnerable," (3) section II.A, and (4) section II.B parts 6, 8, 9, and 10. Additionally, testimony pertaining to "lack of

3

information" as described in section II.B.5 must be modified to describe an "*unreasonable* lack of information."

### 5. MOTION TO LIMIT THE TESTIMONY OF DOUBLEVISION'S LEGAL EXPERT, MARK FREDKIN.

The same general limitations on expert witnesses discussed above apply to the testimony of Mark Fredkin. Any issues relating to testimony about the conduct of Long & Levit will be cured with jury instructions.

### 6. MOTION TO PRECLUDE EVIDENCE RELATING TO MEDIATION.

A January 2015 order in this matter stated, "California's mediation privilege protects oral and written statements and communications made from December 5 to 15 in 2011 as well as statements and communications specifically prepared for the purpose of or pursuant to a mediation" (Dkt. 43). By **JULY 6 AT NOON**, Doublevision shall submit a witness-by-witness list of statements relating to the mediation that Doublevision believes should be admissible. Navigators may respond by **JULY 8 AT NOON**. This motion will be held in abeyance, pending receipt of those briefs.

**PLAINTIFF'S MOTIONS *IN LIMINE***

### 1. MOTION TO EXCLUDE CHARACTER EVIDENCE.

Doublevision seeks to exclude evidence of Antoinette Hardstone's agreement to a prohibition from the escrow industry in her settlement with the Department of Corporations and evidence of administrative complaints filed against her. This motion is **DENIED** without prejudice to individual items of evidence.

### 2. MOTION TO EXCLUDE EVIDENCE OF OTHER CLAIMS.

Navigators agrees that evidence of the *Vaught* matter is irrelevant. Evidence of claims that were tendered under a policy other than the one applicable to the underlying matter shall be excluded. Navigators may offer evidence of claims which had been tendered under that policy, which potentially could have been filed as lawsuits.

4

**3.    MOTION TO PRECLUDE EVIDENCE RELATED TO THE MEASURE OF DAMAGES IN THE UNDERLYING MATTER.**

Doublevision shall submit a supplemental brief on the preclusion effect of an adverse judgment of an insured on its insurer when the insurer did not provide a defense through final judgment, such as by rejecting defense at the outset or subsequently tendering policy limits and withdrawing from defense. Navigators shall reply by **JUNE 8 AT NOON**. This motion will be held in abeyance pending supplemental briefing.

**4.    MOTION TO ESTABLISH THE VALUE OF THE UNDERLYING CLAIM.**

This motion will be held in abeyance pending the aforementioned supplemental briefing.

**IT IS SO ORDERED.**

Dated: July 2, 2015.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE